# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOUIS ABRUZZO, et al,

    Plaintiff,

v.                                            No. 18-cv-00922 JCH/SCY

VICTOR KEARNEY, et al,

    Defendants.

## ORDER TRANSFERRING CASE
## TO BANKRUPTCY COURT

Before the Court is Victor Kearney's Notice of Removal (Doc. 1). Kearney removed three state court matters related to the Chapter 11 Plan of Reorganization filed in his bankruptcy case. Doc. 1 at 3-4; Doc. 1-2 at 2. Having *sua sponte* reviewed jurisdictional matters, the Court finds the removed actions are "related to" Kearney's pending bankruptcy for purposes of 28 U.S.C. § 1334(b). The Court will therefore transfer the removed actions to Bankruptcy Court pursuant to its blanket referral of all § 1334 jurisdiction.

## I. Background[1]

Kearney is the beneficiary of a trust established by the Abruzzo family. Doc. 1 at 1. In 2013, he sued the Abruzzos in New Mexico's Second Judicial District Court. *Id.* Kearney alleged, inter alia, that the Abruzzos breached their fiduciary duties. *Id.* The Abruzzos asserted identical counterclaims, as Kearney was then a co-trustee. *Id.* Two years later, the state court entered a directed verdict in favor of the Abruzzos on Kearney's claims. *Id.* at 2. The Abruzzos then amended their counterclaims, which had not yet been addressed. *Id.* Following a bench trial in 2017, the state court concluded Kearney breached his fiduciary duties. The state court then set

---

[1] For the limited purposes of this order, the Court accepts the facts set forth in Kearney's notice of removal.

an evidentiary hearing to appoint a new successor trustee, as the Abruzzos and Kearney had all resigned as trustees. *Id.*

On September 1, 2017 - before a new trustee was appointed - Kearney filed a Chapter 11 bankruptcy petition. Doc. 1 at 3. The United States Trustee appointed an Unsecured Creditors Committee (UCC). *Id.* The UCC proposed a Chapter 11 Plan of Reorganization, which contemplates a complex series of payments and stock transfers. *Id.* To effectuate the plan, the parties would return to state court to obtain approval of a stock redemption, a trust payment, and an IRS payment. *Id.* Together, the stock redemption, trust payment, and IRS payment will be referred to as the "Three Actions." *Id.* By an Order entered September 4, 2018, the Bankruptcy Court modified the automatic stay pursuant to 11 U.S.C. § 362 to allow the parties to return to state court to pursue the Three Actions. *Id.* The Bankruptcy Court entered a supplemental order on September 18, 2018, which further defined the stay modification. *Id.*

The state court set a hearing on the Three Actions for October 3, 2018. Doc. 1 at 3. On October 2, 2018, Kearney removed the Three Actions to Federal District Court. Doc. 1. He invokes federal jurisdiction pursuant to four statutes: 28 U.S.C. § 1332 (diversity jurisdiction ); 28 U.S.C. § 1334 (bankruptcy jurisdiction); 28 U.S.C. § 1441 (removal to District Court); and 28 U.S.C. § 1452 (removal to Bankruptcy Court). Based on these discrepancies, the Court elected to review the matter *sua sponte* to determine whether the case is properly before the District or Bankruptcy Court.

**II. Discussion**

The District Court has jurisdiction over bankruptcy cases and all civil proceedings "arising in" or "related to" a bankruptcy case. 28 U.S.C. § 1334. By its terms, § 1334 does not confer jurisdiction on the Bankruptcy Court. Bankruptcy judges get involved by virtue of 28 U.S.C. §§

2

157 and 151. Section 157 allows the District Court to refer the exercise of its § 1334 bankruptcy jurisdiction to the Bankruptcy Court through a blanket referral order. This Court's blanket order provides:

> IT IS ORDERED that all cases under Title 11 [the Bankruptcy Code] and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law.

*See* Administrative Order No. 84-0324. Thus, all bankruptcy related filings should automatically be handled by the Bankruptcy Court, which adjudicates the cases and makes dispositive rulings as "a unit of the [D]istrict [C]ourt." 28 U.S.C. § 151. If a party would like the District Court to exercise its § 1334 jurisdiction in a particular case, they must file a motion to withdraw the automatic reference. See 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."). Unless and until the reference is withdrawn, District Courts do not get involved in bankruptcy matters.

With respect to removed actions that are "related to" a bankruptcy proceeding, the custom in this district has always been for the Bankruptcy Court to handle remand motions and questions relating to its own jurisdiction. *See, e.g., In re Herrera,* 472 B.R. 839, 851 (Bankr. D.N.M. 2012) ("the phrase 'removed to the bankruptcy court' is shorthand for the process which requires removal of an action to the … District Court pursuant to 28 U.S.C. § 1452(a) and then an automatic referral … to the … Bankruptcy Court pursuant to the district's standing order of referral"). The Tenth Circuit has implicitly recognized this custom on several occasions. *See In re Thomas,* 2009 WL 3241288 (10th Cir. Oct. 9, 2009) (holding that if a bankruptcy court remands a removed action to state court, the bankruptcy court has inherent authority to impose sanctions); *Lundahl v. Fireman's Fund Ins. Co.,* 2005 WL 984490 (10th Cir. April 28, 2005) (Pursuant to Section 1452, a bankruptcy

court's final order remanding a removed case is not reviewable); *In re LMS Holding Company,* 2000 WL 177419 (10th Cir. Feb. 16, 2000) (affirming bankruptcy court's final judgment after denying motion to remand removed state court case). The custom is also consistent with the Federal Rules of Bankruptcy Procedure, which require a notice of removal under Section 1452 to be filed with the *Bankruptcy Clerk*. *See* Fed. R. Bankr. P. 9027(a) ("A notice of removal shall be filed with *the clerk* for the district and division within which is located the state or federal court where the civil action is pending."); Fed. R. Bankr. P. 9001 (for purposes of the Bankruptcy Rules, "'Clerk' means bankruptcy clerk, if one has been appointed….").[2]

Here, Kearney's notice of removal explicitly concedes the Three Actions are "related to a case under Title 11." Doc. 1 at 12. He notes "the [state court] actions are the linchpin of the [Unsecured Creditor's] [bankruptcy] plan, providing the sole source of funding for payment of claims against the [bankruptcy] estate." *Id.* Kearney also concedes the case is removable under the bankruptcy removal statute, 28 U.S.C. § 1452, even though he elected to remove the case to District Court. Further, even if diversity jurisdiction exists – such that the matter is properly before a federal court – bankruptcy matters belong in the bankruptcy "unit of the [D]istrict [C]ourt." 28 U.S.C. § 151.[3]

For these reasons, the Court finds that jurisdiction over the removed Three Actions has been referred to the Bankruptcy Court, and the Court will transfer this case to Bankruptcy Court

---

[2] Lana Merewether has been appointed as the Clerk of the Bankruptcy Court.

[3] Indeed, it is quite common for diverse citizens to appear in bankruptcy cases, as out-of-state creditors must file claims and adversary proceedings, and otherwise intervene to protect their rights. Thus, the presence of diverse citizens in a bankruptcy case does not negate the blanket referral or otherwise require a District Judge to preside over bankruptcy matters.

pursuant to its blanket referral order. If either party wishes for the District Court to exercise jurisdiction over the removed case, they must file a motion to withdraw the reference.

**IT IS THEREFORE ORDERED** that the Clerk shall **TRANSFER** this removed action to the Bankruptcy Court pursuant to the blanket order of referral.

_____
UNITED STATES DISTRICT JUDGE