# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOUIS ABRUZZO, et al,

    Plaintiff,

v.                                                   No. 18-cv-00922 JCH/SCY

VICTOR KEARNEY, et al,

    Defendants.

## ORDER DENYING EMERGENCY MOTIONS

Before the Court are Victor Kearney's emergency motions to withdraw the reference of bankruptcy jurisdiction and stay proceedings in three removed actions (Docs. 9, 11). By an order entered October 5, 2018, the Court transferred the removed actions to the Bankruptcy Court because Kearney concedes they are "related to" his bankruptcy case for purposes of 28 U.S.C. § 1334. In his instant motions, Kearney contends the District Court must preside over his removed actions because he invoked diversity jurisdiction and the federal district court removal statute, 28 U.S.C. § 1446. Having reviewed its jurisdiction, in light of the entire record, the Court disagrees.

First, Kearney's diversity allegations are frivolous. The notice of removal claims, for the first time, that Kearney is a Nevada citizen. (Doc. 1). However, he filed the original lawsuit against the Abruzzos in New Mexico's Second Judicial District Court in 2013 and the New Mexico bankruptcy case in 2017. Kearney contends that when the Bankruptcy Court lifted the automatic stay and the Abruzzos filed a hearing request in the original state court case, a new action was generated. Therefore, Kearney maintains the federal court must examine diversity as of the date of the hearing request - September 7, 2018. (Doc. 1-2). *See also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1239 (10th Cir. 2015) ("[T]he relevant time period for

determining the existence of complete diversity is the time of the filing of the complaint."). The hearing request did not appear to generate a new action. The Abruzzos sought to seek approval of certain actions pertaining to Kearney's trust, and in accordance with the proposed bankruptcy plan, lest they again be accused of breach of fiduciary duty as originally alleged. The hearing request stemmed from the underlying state and bankruptcy proceedings and does not constitute an entirely separate, independent initial pleading sufficient to trigger a renewed time for removal.

Further, even if the hearing request did generate a new action on September 7, 2018, Kearney has failed to sufficiently allege he is a resident of another state, in light of contradictory evidence in the record. Kearney filed a monthly operating report in his bankruptcy case on September 24, 2018, which lists an Albuquerque address. (Doc. 458 in Bankruptcy Case No. 17-12274-t). Kearney has therefore not met his burden to demonstrate diverse citizenship for purposes of removal.

Finally, even if the Court were to accept that Kearney lived in Nevada when a new action was generated on September 7, 2018, he filed a dispositive motion in the state court on September 21, 2018. (Doc. 4-5). He argued the (now removed) actions were premature; violated his due process rights; and did not state a claim for trust modification under N.M.S.A. § 46A-4-410. It is well established that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a clear and unequivocal intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017).

For the foregoing reasons, diversity jurisdiction does not exist. Kearney's attempt to remove the actions directly to this Federal District Court appears to be a sham litigation tactic to

avoid a ruling by the Bankruptcy Court. The Court will deny the emergency motions and allow the Bankruptcy Court to determine whether removal is proper under the bankruptcy removal statute, 28 U.S.C. § 1452

**IT IS THEREFORE ORDERED** that the motions (Docs. 9, 11) are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the Transfer Order entered October 5, 2018 (Doc. 8), the Bankruptcy Court may determine whether to remand the action under the bankruptcy remand statute, 28 U.S.C. § 1452.

_____
UNITED STATES DISTRICT JUDGE